UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLITA D. BUSH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:10CV00544 AGF |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendants St. Louis County Department of Revenue and St. Louis County Civil Service Commission to dismiss them as Defendants in this lawsuit. These parties argue that they are not suable entities. For the reasons set forth below, the motion shall be granted with respect to the St. Louis County Department of Revenue, and denied with respect to the St. Louis County Civil Service Commission.

Plaintiff filed this action pro se against St. Louis County, Missouri; St. Louis County Civil Service Commission ("CSC"); St. Louis County Department of Revenue ("DOR"); and 15 County, CSC, and/or DOR officials, individually and in their official capacities. To date all Defendants except for three of the named individuals have been served.[1] Plaintiff challenges her dismissal on August 19, 2009, as an Office Service

---

[1] By Order dated October 26, 2010, this Court granted Plaintiff an extension of time to serve the three unserved Defendants and cautioned her that her failure to do so in a timely manner would result in their dismissal from this action without prejudice.

Representative within the DOR, the ratification of the dismissal by the CSC, and the subsequent alleged denial of a "grievance hearing" (appeal) that she requested on September 3, 2009, and a "name-clearing hearing" that she requested on January 28, 2010. Plaintiff asserts that these actions were taken by Defendants, individually and in conspiracy with each other, in retaliation for her reporting to the police that someone was able to steal $100 within the DOR during working hours without being detected. She seeks declaratory relief, declaring that her dismissal was unconstitutional, and injunctive relief, enjoining enforcement of the dismissal as well as the dissemination of any information relating to the reasons given for the dismissal, including dishonesty and inefficiency. She also seeks actual and punitive damages.

Defendants argue that the DOR and the CSC should be dismissed because they are not suable entities. The Court agrees with respect to the DOR. See, e.g., Davis v. Missouri, No. 09-1711, 2010 WL 3156004, at *1 (8th Cir. Aug. 11, 2010) (holding that St. Louis County Justice Services and St. Louis County Justice Services Medical Department are subdivisions of St. Louis County and thus are not separately suable) (citing Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such.")).

The CSC, however, appears to be a proper defendant in an action by a former county employee challenging the constitutionality of her dismissal. See, e.g., Diebold v. Civil Serv. Comm'n of St. Louis County, 81 F.R.D. 631 (E.D. Mo. 1979). Defendants

2

have not offered, nor did the Court's independent research produce, any cases that have held to the contrary. In fact, in one of the cases cited by Defendants, Gore v. Wochner, 475 F. Supp. 274, 280 (E.D. Mo. 1979), the Court held that the St. Louis County Department of Personnel was not a proper party defendant, but allowed the suit to proceed against the CSC.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendants St. Louis County Department of Revenue and St. Louis County Civil Service Commission to dismiss them from this action is **GRANTED** as to the St. Louis County Department of Revenue and **DENIED** as to the St. Louis County Civil Service Commission. [Doc. #53]

                                    AUDREY G. FLEISSIG
                                    UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2010.