UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLITA D. BUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV00544 AGF |
| | ) |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. Plaintiff Willita D. Bush filed this action pro se against St. Louis County, Missouri; two County departments; and 15 County officials, individually and in their official capacities.

By Order dated July 21, 2010, the Court advised Plaintiff of her service obligations under Federal Rule of Civil Procedure 4(m), ordered Plaintiff to obtain service upon the three as yet unserved Defendants (Mitchell A. Margo, Nadine V. Nunn, and Richard Mange) by July 28, 2010, and stated that these Defendants would be dismissed without prejudice if she failed timely to serve them. By Order dated October 22, 2010, this Court dismissed without prejudice these Defendants upon whom service had not been effected. On October 25, 2010, Plaintiff filed a motion for reconsideration of the Court's October 22, 2010 Order. By Order dated October 27, 2010, this Court granted Plaintiff an additional 21 days from the date of the

Order to serve these three Defendants who had not yet been served. The Court cautioned Plaintiff that failure to do so would result in the dismissal of these Defendants without prejudice.

The following day, on October 28, 2010, rather than proceeding to effect service on the Defendants in question, Plaintiff filed a motion requesting that they be placed in default for failing to file an appearance, and further requesting that judgment be entered for Plaintiff against these Defendants in their official capacities. In this motion, Plaintiff states that the County, which was served on April 6, 2010, "failed to file an appearance to plead or otherwise defend these [D]efendants in their official capacity despite having the legal duty to do so with knowledge of this suit against them in their official capacity as named [D]efendants . . . ." Plaintiff cites to Federal Rule of Civil Procedure 5(a)(2), which states: "No service is required on a party who is in default for failing to appear."

To date, the three Defendants in question have not been served, and the 21 day extension of time given Plaintiff in which to serve them has expired. Rule 5(a)(2) only applies to a party that has been served with the original complaint and failed to appear, and therefore, is inapplicable as to the Defendants at issue herein whom Plaintiff has failed to serve. Pro se litigants are not excused from complying with court orders or procedural law. Soliman v. Johanns, 412 F.3d 920, 921-22 (8th Cir. 2005); Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Mitchell A. Margo, Nadine V.

Nunn, and Richard Mange, upon whom Plaintiff has not effected timely service, are dismissed without prejudice from this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion requesting that these Defendants be placed in default and that judgment be entered for Plaintiff against them in their official capacities is **DENIED** as moot. [Doc. #84]

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of November, 2010.