UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLITA D. BUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV00544 AGF |
| | ) |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant St. Louis County, Missouri ("the County") and the 12 remaining individual Defendants to dismiss Plaintiff's complaint for failure to state a claim. Also under consideration is the motion of Defendant Civil Service Commission of the County ("CSC") for reconsideration of the Court's Memorandum and Order dated October 29, 2010, denying the CSC's motion to be dismissed from the action because it is not a suable entity. For the reasons set forth below, the motion to dismiss for failure to state a claim shall be granted in part and denied in part, and the motion for reconsideration shall be granted.

## BACKGROUND

Plaintiff Willita Bush filed this action pro se against the County; the CSC; the Department of Revenue of the County ("DOR"); and 15 County officials, individually and in their official capacities. By Order dated October 29, 2010, the Court granted the

DOR's motion to dismiss it from the action on the ground that it is not a suable entity, and by Order dated November 23, 2010, this Court dismissed without prejudice three of the named individual Defendants due to Plaintiff's failure to comply with service requirements despite several admonitions by the Court that failure to do so would result in the dismissal without prejudice of these Defendants.

Plaintiff alleges that she was hired as an Office Service Representative within the DOR on February 17, 2009, to begin on February 23, 2009. The record includes a letter from the County Assistant Director of Revenue, Defendant Tim Lee, dated February 17, 2009, confirming the appointment and stating, "We . . . are looking forward to seeing you on Monday, February 23, 2009." In this action, Plaintiff challenges her allegedly "arbitrary" dismissal from that position by letter dated August 19, 2009, for the asserted reasons of dishonesty and inefficiency, without affording her a pre-termination hearing. She also challenges the ratification of the dismissal by the CSC and the subsequent denial of a requested "grievance hearing" (appeal) and a requested "name-clearing hearing."

The record includes the discharge letter of August 19, 2009, which states that Plaintiff was employed by the County "on or about February 23, 2009, as a probationary employee for six months" and that, pursuant to the County's Civil Service Rules, she had no right to appeal the discharge decision because she was a probationary employee at the time of discharge. By letter dated September 3, 2009, the County's Manager of Human Resources, Defendant Ruth Rollins, advised Plaintiff that her letter of appeal was received by the Division of Personnel and that "the matter" would be placed on the

2

agenda of the next CSC meeting, which was set for September 9, 2009.

The Agenda for the meeting included the item "Requests for Hearings - Willita Bush, former employee, Department of Revenue." The minutes from the meeting indicate that Plaintiff and her counsel were present and that the CSC unanimously ruled that it lacked jurisdiction to hear Plaintiff's appeal as she was within her probationary period when she was discharged.

Plaintiff asserts further that the complained-of actions were taken by Defendants, individually and in conspiracy with each other, in retaliation for her reporting to her supervisors and to the police that an anonymous individual was able to steal $100 within the DOR during working hours without being detected. Plaintiff alleges that thereafter, new surveillance equipment was installed.

Plaintiff asserts that the individual Defendants were policymakers for the County; that during her employment she was presented with the County's Personnel and Procedures Manual with Civil Service Rules, which conferred "contractual rights" upon her; and that her probationary period had ended (on August 17, 2009) before she was discharged.

Plaintiff seeks redress under 42 U.S.C. §§ 1983 and 1985 for violation of her equal protection, due process, and First Amendment rights, as well as her Takings Clause right to contract. She also asserts a claim for wrongful termination under Missouri's "whistleblower" public policy exception to the at-will employment doctrine. She seeks actual and punitive damages; declaratory relief declaring that her dismissal was

3

unconstitutional; and injunctive relief, enjoining enforcement of the dismissal as well as the dissemination of any information relating to the reasons given for the dismissal.

Defendants argue that the complaint should be dismissed because it "lumps all [individual] County Defendants together" without specifying the actions of each individual that are actionable, and because most of the complaint, including the allegations related to the conspiracy claim, consists of "nothing more than conclusory allegations not supported by well-pled factual allegations" or of a "ritualistic recitation of the elements of a purported cause of action."

Defendants further assert that Plaintiff was discharged within six months of her employment, at which point she was still an at-will probationary employee and thus did not have a property interest in her job that would confer a due process right to a pre-termination hearing or appeal. Defendants argue that Plaintiff's claim regarding the denial of a name-clearing hearing fails because the reasons for her discharge were not made public, and she did not allege otherwise.

Defendants next argue that Plaintiff's First Amendment retaliation claim fails because Plaintiff did not allege that she spoke as a private citizen, as opposed to a government employee, on a matter of public concern, as is required to state such a claim. Defendants maintain that Plaintiff fails to state a claim for wrongful discharge under Missouri law that prohibits firing even at-will employees for reporting wrongdoing or violations of law to superiors or third parties, because the "wrongdoing" that Plaintiff allegedly reported does not support such a claim, as a matter of law.

Lastly, Defendants argue that the County (and the individual Defendants in their official capacities) cannot be liable under § 1983 because municipal liability under § 1983 must be based upon a policy, practice, or custom of the municipal defendant and Plaintiff failed to plead facts from which a policy, practice, or custom might be inferred. Defendants argue that although Plaintiff asserts in her complaint that the individual County Defendants are policymakers, such that their decision would constitute a County policy for purposes of § 1983, she fails to plead facts from which the Court could plausibly conclude that this is so.

Plaintiff has not responded to Defendants' motion to dismiss. Rather, she filed a motion for summary judgment, which, to the extent appropriate, the Court will consider in ruling on the present motion to dismiss.

## DISCUSSION

**Standard for Failure to State a Claim**

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff need only allege facts that permit the reasonable inference that the defendant is

5

liable, even if the complaint "'strikes a savvy judge that actual proof of the facts alleged is improbable and recovery 'very remote and unlikely.'" Hamilton v. Palm, 621 F.3d 816, 819 (8th Cir. 2010) (quoting Braden v. Wal-Mart Stores, 588 F.3d 585, 594 (8th Cir. 2009)). Furthermore, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted); see also Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981).

The Court notes that "[w]hen deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Kushner v. Beverly Enters., Inc., 317 F.3d 820, 831 (8th Cir. 2003) (citation omitted); accord In re K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 889 (8th Cir. 2002) (citation omitted) (explaining that when deciding a motion to dismiss, the court may consider, in addition to the pleadings, "materials 'embraced by the pleadings' and materials that are part of the public record").

**Federal Claims Against the County and the Individual Defendants in Their Official Capacities**

A § 1983 claim against a public employee in his or her official capacity is deemed to be a suit against the public employer, which in this case is the County. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). It is well-established that for a municipality (or municipal employees in their official capacities) to be held liable under

§ 1983, a plaintiff must establish that a municipal policy or custom was the "moving force [behind] the constitutional violation." Dahl v. Rice Cnty., Minn., 621 F.3d 740, 743 (8th Cir. 2010) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). The policy or custom requirement applies in § 1983 cases irrespective of whether the relief sought is monetary or prospective. Los Angeles Cnty., Ca. v. Humphries, ___ S. Ct. ___, 2010 WL 4823681, at *8 (Nov. 30, 2010).

An unconstitutional government policy could be inferred from a single decision taken by the highest officials responsible for setting policy in a particular area of the government's business. City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988); Chism v. Curtner, 619 F.3d 979, 983 (8th Cir. 2010). Government liability attaches, however, only where the decisionmaker possesses final authority to establish policy with respect to the action ordered. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). "The fact that a particular official--even a policymaking official--has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." Id. at 481-82.

Here, taking the allegations in Plaintiff's complaint as true, the Court concludes that Plaintiff has not alleged facts that permit the reasonable inference that the County or its officials had a policy or custom to discharge employees arbitrarily, to not afford discharged employees their due process rights or equal protection rights, or to retaliate against employees for the exercise of their First Amendment rights. See Zumwalt v. City of Wentzville, No. 4:10CV561 RWS, 2010 WL 2710496, at *4 (E.D. Mo. July 7, 2010)

(dismissing § 1983 First Amendment retaliatory discharge claim against a city and its employees in their official capacities because the plaintiff failed to allege a policy or custom to retaliate against employees for the exercise of their First Amendment rights).

**Federal Claims Against the Individual Defendants in Their Individual Capacities**

"'Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1948). "Thus, 'each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.'" Id.

Procedural Due Process Claims

The Court concludes that Plaintiff has failed to state a claim for violation of her due process rights to a pre-termination hearing or appeal. A public employee who has a property interest in continued employment is entitled to a hearing or some related form of due process before being deprived of her constitutionally protected property interest in her job. Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). "Whether [a plaintiff] had a constitutionally protected property interest in his job is dependent upon [state] law and the terms of his employment." Kozisek v. Cnty. of Seward, Neb., 539 F.3d 930, 937 (8th Cir. 2008). Here, as an at-will employee, Plaintiff had no constitutionally protected property interest in continued employment. See Chism, 619 F.3d at 985 (holding that City mayor's promise of reinstatement was insufficient to create a due process property interest in discharged city firefighter's position, because the

firefighter had no reasonable and legitimate expectation of employment in light of state law and the terms of his employment, which was at-will); Zumwalt, 2010 WL 2710496, at *5 (rejecting assertion by Missouri at-will public employee, who was discharged after 16 years, that his employer's Uniform Personnel Policies and Procedure conferred procedural due process rights upon him).

Plaintiff's equal protection claim also fails because Plaintiff has not alleged or made any showing that she was treated differently than any similarly situated individuals. See Mills v. City of Grand Forks, 614 F.3d 495, 500 (8th Cir. 2010).

The Court next concludes that Plaintiff has failed to state a claim for violation of her right to a post-termination name-clearing hearing. "An employee's liberty interests are implicated where the employer levels accusations at the employee that are so damaging as to make it difficult or impossible for the employee to escape the stigma of those charges." Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 475 (8th Cir. 2008) (citation omitted). Here, the reasons given to Plaintiff for her termination would constitute the requisite stigma, had the reasons been publicly disclosed. A name-clearing hearing is not necessary unless the employer makes a public statement that might seriously damage the employee's standing and associations in his community; when there is no public disclosure of the reasons for the discharge, the employee is not entitled to such a hearing. Id.; Zumwalt, 2010 WL 2710496, at *6. In this case, Plaintiff has not alleged that her former employer made any public statements concerning the stigmatizing reasons for her termination. See Zumwalt, 2010 WL 2710496, at *6 (dismissing due

9

process claim by pro se plaintiff for failure to allege that his employer made any public statements concerning the reasons for his termination).

Substantive Due Process Claims

Plaintiff's attempt to state a substantive due process claim against the individual Defendants on the ground that her discharge was arbitrary fails because Plaintiff has not pointed to conduct "that shocks the conscience given the totality of the circumstances." See Long v. St. Louis Bd. of Election Comm'rs, 2006 WL 2883383, at *4 (E.D. Mo. 2006). "To state a substantive due process claim, [a plaintiff] must allege that a government action was 'sufficiently outrageous' or 'truly irrational, that is, something more than . . . arbitrary, capricious, or in violation of state law.'" Young, 244 F.3d at 628; accord Chism, 619 F.3d at 985. "Because the conscience-shocking standard is intended to limit substantive due process liability, it is an issue of law for the judge, not a question of fact for the jury." Sitzes v. City of W. Memphis Ark., 606 F.3d 461, 467 (8th Cir. 2010) (citation omitted).

Here, the Court concludes that the facts as alleged do not support an inference that the decision to terminate Plaintiff was "'truly irrational' or 'sufficiently outrageous'" to sustain a substantive due process claim. See Young, 244 F.3d at 628 (affirming dismissal for failure to state a claim where discharged government employee alleged that his discharge for submitting altered time records, which he alleged were not altered, violated his substantive due process rights).

First Amendment Retaliation Claim

To establish a First Amendment retaliation claim, a plaintiff must prove that (1) she engaged in activity protected by the First Amendment; (2) her employer took an adverse employment action against her; and (3) her protected conduct was a substantial or motivating factor in the decision to take the adverse action. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654-55 (8th Cir. 2007). A public employee engages in speech protected under the First Amendment if she speaks "as a citizen on a matter of public concern." Garcetti v. Ceballos, 547 U.S. 410, 418 (2006); accord Davison, 490 F.3d at 655. Here, Plaintiff alleges that she was discharged because she told the police that security at the DOR was not adequate. The Court concludes that this satisfies the pleading requirements for this claim. See, e.g., Hasty v. Neb. Dep't of Educ., No. 4:09CV3196, 2010 WL 1552855, at *6 (D. Neb. Apr. 15, 2010); Walker v. City of Moline Acres, No. 4:07CV1741 RWS, 2009 WL 386815, at *5 (E.D. Mo. Feb. 13, 2009); Criswell v. City of O'Fallon, Mo., No. 4:06CV01565 ERW, 2007 WL 1760744, at *4 (E.D. Mo. June 15, 2007). It is not clear from the complaint which individual Defendant or Defendants were responsible for this alleged constitutional violation. Accordingly, Plaintiff will be given time to file an amended complaint clarifying this matter.

Conspiracy Claims

To state a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must allege (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy;

(3) that the overt act injured the plaintiff, and (4) that the plaintiff was actually deprived of a constitutional right. Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999). "[A]llegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'" Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). Here, the Court concludes that Plaintiff's § 1983 conspiracy claim fails for Plaintiff's failure to plead with sufficient specificity and factual support that there was a meeting of the minds between the individual Defendants to deprive Plaintiff of her constitutional rights. See Zumwalt, 2010 WL 2710496, at *7 (stating that the "mere mention of the word 'conspiracy' does not state a claim for conspiracy to deprive [a plaintiff] of his constitutional rights"); Criswell, 2007 WL 1760744, at *4-5 (dismissing conspiracy claim for failure to allege sufficient material f acts to support such a claim).

**Wrongful Discharge under Missouri Law**

Missouri recognizes a public-policy exception to the at-will employment rule. But this public policy exception, otherwise known as "the wrongful discharge doctrine," is very narrowly drawn. Missouri courts have articulated this narrow doctrine as follows:

> [W]here an employer has discharged an at-will employee because that employee refused to violate the law or any well established and clear mandate of public policy as expressed in the constitution, statutes and regulations promulgated pursuant to statute, or because the employee reported to his superiors or to public authorities serious misconduct that constitutes violations of the law and of such well established and clearly mandated public policy, the employee has a cause of action in tort for damages for wrongful discharge.

Fleshner v. Pepose Vision Inst., P.C., 304 S.W.3d 81, 91 (Mo. 2010) (citation omitted).

> [A] wrongful discharge action must be based on a constitutional provision, a statute, a regulation based on a statute or a rule promulgated by a governmental body. Absent such explicit authority, the wrongful discharge action fails as a matter of law. Moreover, not every statute or regulation gives rise to an at-will wrongful termination action.

Margiotta v. Christian Hosp., Ne. Nw., 315 S.W.3d 342, 346 (Mo. 2010) (citation omitted).

The reported misconduct relied upon by Plaintiff is the lack of adequate security at the DOR. She cites no regulation that was thereby violated. The Court concludes that Missouri courts would hold that this is not sufficient, as a matter of law, to support a claim for wrongful termination for whistle-blowing. See id. at 346-48 (holding that reporting unsafe patient practices at a hospital did not support a whistleblower's claim against the hospital because no federal or state regulations were reportedly violated); Frevert v. Ford Motor Co., 614 F.3d 466, 471 (8th Cir. 2010) (holding that under Missouri law, a terminated employee, who alleged that he was wrongfully discharged after he made internal complaints about coworkers' violation of company policy, did not establish wrongful termination claim under whistleblower exception to doctrine of employment at-will under Missouri law, since he failed to specify a legal provision that was violated by coworkers and whether such legal provision involved a clear mandate of public policy).

The Court notes, additionally, that because a wrongful discharge claim is only available against Plaintiff's "actual former employer," this claim cannot stand against the individual Defendants in their individual capacities. See Criswell, 2007 WL 1760744, at *6 (dismissing city employee's wrongful discharge claims against the mayor, a

councilman, and the employee's direct supervisors all in their individual capacities); cf. Taylor v. St. Louis Bd. of Election Comm'rs, ___F.3d___, 2010 WL 4273252, at *2-3 (8th Cir. Nov. 1, 2010) (same result reached on summary judgment).

**Defendant CSC's Motion for Reconsideration**

In its October 29, 2010 Memorandum and Order, the Court declined to dismiss the CSR from this action on the ground that it was not a suable entity, as Defendants did not cite any cases establishing this proposition, and at least one Missouri case indicated that the CSR was a proper defendant. Defendants have now cited Brown v. St. Louis County Civil Service Commission, No. 4:05CV01319 JCH (E.D. Mo. June 26, 2006), aff'd, 240 F. App'x 166 (8th Cir. 2007), which indeed holds that the CSC is not a suable entity.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendants to dismiss this action for failure to state a claim is **GRANTED** in part and **DENIED** in part. The motion is denied with respect to Plaintiff's First Amendment retaliatory discharge claim against the individual Defendants in their individual capacities, and granted in all other respects. [Doc. #56].

**IT IS FURTHER ORDERED** that Defendants' motion for reconsideration of the Court's Order dated October 29, 2010, is **GRANTED** and the CSC is dismissed from this action. [Doc. #86].

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including December 21, 2010, to file an amended complaint that clearly sets forth the name(s) of the individual Defendant or Defendants responsible for the decision to terminate Plaintiff allegedly in violation of her First Amendment rights. Failure to file such an amended complaint in a timely fashion will result in dismissal without prejudice of this remaining claim in the action.

                                                                                                  */s/ Audrey G. Fleissig*
                                                                                                  AUDREY G. FLEISSIG
                                                                                                  UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2010.