UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLITA D. BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV00544 AGF |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on four pending motions, including the motion (Doc. #95) of several Defendants to dismiss Plaintiff's first amended complaint.

By Memorandum and Order dated December 7, 2010, the Court concluded that Plaintiff, who is proceeding pro se, had stated a claim under 42 U.S.C. § 1983 against certain Defendants in their individual capacities for violation of her First Amendment right to free speech. In this claim, Plaintiff alleged that she was terminated from her job with the St. Louis County, Missouri, Department of Revenue because she spoke out as a citizen on a matter of public concern. The Court granted Defendants' motion to dismiss all other claims in Plaintiff's 84-page complaint, including the First Amendment claim with respect to the County and the individuals in their official capacities, on the ground that the challenged action, that is, terminating Plaintiff, was not done pursuant to a County custom or policy. The Court ordered Plaintiff to file an amended complaint, clearly identifying which individuals were responsible for the alleged First Amendment violation.

Plaintiff did file an amended complaint, which is identical to the original complaint, with the addition of four new paragraphs, including paragraph 393 in which Plaintiff lists the eight individuals she claims were responsible for the First Amendment violation. Defendants now seek to dismiss the amended complaint for failure to state a claim, as they had moved to dismiss the original complaint.

The Court shall grant this motion, for the same reasons as those set forth in the Memorandum and Order of December 7, 2010, except as to Plaintiff's First Amendment claim, also for the reasons stated in the December 7, 2010 Memorandum and Order. Upon further reflection, the Court concludes that its earlier holding with respect to the viability of this claim against the County and certain of the individual Defendants in their official capacity was in error. To be sure, a municipality may be held liable under § 1983 only if a municipal custom or policy caused the deprivation of the right protected by the constitution or federal laws. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91.

In St. Louis v. Praprotnik, 485 U.S. 112 (1988), however, the Supreme Court explained that municipal officials who have final decision-making power in the relevant area of the municipality's business, can by their actions, subject the government to § 1983 liability. Id. at 123; see also Bechtel v. City of Belton, Mo., 250 F.3d 1157, 1160 (8th 2001); Angarita v. St. Louis County, 981 F.2d 1537, 1546-47 (8th Cir. 1992).

It may be that on summary judgment, it will be established that the Defendants named in Paragraph 323 of the amended complaint did not possess the kind of authority sufficient to subject the County to liability for Plaintiff's termination. See Davison v.

City of Minneapolis, 490 F.3d 648, 661-62 & n.9 (8th Cir. 2007). But the Court cannot reach such a conclusion at this stage of the proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion (Doc. #95) to dismiss Plaintiff's amended complaint is **GRANTED in part and DENIED in part**. Plaintiff shall be permitted to proceed on her First Amendment retaliatory discharge claim against the eight individual Defendants identified in paragraph 363 of the amended complaint, in their individual and official capacities, as well as against St. Louis County, Missouri. All other claims are dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. #98) for a preliminary injunction is **DENIED** as none of the factors relevant to granting such relief at this point in the proceedings weigh in Plaintiff's favor.

**IT IS FURTHER ORDERED** that Plaintiff's motion to transfer this case immediately to the Eighth Circuit due to lack of jurisdiction (Doc. #102) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Doc. #66) is **DENIED without prejudice** to Plaintiff's right to file a motion for summary judgment later in the proceedings.

**IT IS FURTHER ORDERED** that a Rule 16 scheduling conference shall be set in this case by separate Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of March, 2011.