UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLITA D. BUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV00544 AGF |
| | ) |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 165) of Defendant St. Louis County, Missouri, ("the County") and the remaining individual Defendants for summary judgment. At this point in the case, the only claim that remains is Plaintiff Willita Bush's First Amendment retaliatory discharge claim against certain individual Defendants, who were all employees of the County during the relevant time, in their individual capacities. All other claims and parties have been dismissed by prior orders of the Court. For the reasons set forth below, the motion for summary judgment shall be granted.

## BACKGROUND

For purposes of the motion under consideration, the Court will view the relevant evidence in the light most favorable to Plaintiff. The Court is also mindful that Plaintiff is proceeding pro se and deserves a liberal view of the record, which establishes the following. Plaintiff was hired as an Office Service Representative within the Department

of Revenue of the County on February 17, 2009, to begin on February 23, 2009. Plaintiff was to be a probationary employee for six months. On June 26, 2009, at 3:30 p.m., Plaintiff reported to the City of Clayton, Missouri, Police Department that she was missing $100 from her wallet that was in her purse. She reported that she had left the purse unattended on her desk from about 1:30 p.m. that afternoon in an area not open to the public. (Doc. No. 156-8.) Plaintiff believed that one of her co-workers must have taken the money and wanted to have them all searched. A co-worker told Defendant Tim Lee, Assistant Collector or Revenue, that he needed to deal with the matter. Lee called Plaintiff into his office to discuss the situation. Plaintiff asked that Lee have all of Plaintiff's co-workers searched. Lee refused to do so, but called the St. Louis County Security Office and reported the missing money. At about 4:30 a police officer arrived and interviewed Plaintiff. On July 2, 2009, Lee provided the police with the names of those employees who had worked with Plaintiff on June 26, 2009.

On July 23 and on August 17, 2009, Lee was informed that Plaintiff had falsified time sheets. He recommended to the hiring authority, Defendant Eugene Leung, that Plaintiff be terminated for this, and by letter dated August 19, 2009, Plaintiff was terminated for the asserted reasons of incompetency or inefficiency in the performance of her job and for falsifying an employment or payroll document. (Doc. No. 166-14.) The letter was hand-delivered to Plaintiff on August 20, 2009.

Plaintiff asserts that she was terminated in retaliation for her reporting the lack of proper security at the Department of Revenue to her supervisors and to the police. She

seeks redress under 42 U.S.C. § 1983 for violation of her First Amendment rights; specifically, she seeks actual and punitive damages; declaratory relief declaring that her termination was unconstitutional; and injunctive relief, enjoining enforcement of the termination.

In support of the motion for summary judgment, the remaining individual Defendants have submitted their affidavits to the effect that they either had no authority to terminate Plaintiff or that the incident on June 29, 2009, had no bearing on the termination decision. In opposition to the motion for summary judgment, Plaintiff argues that genuine issues of fact exist with respect to whether she was a probationary employee at the time she was discharged and whether she falsified any time sheets. She asserts that she was a permanent employee on August 19, 2009, and that errors, if any, on her time sheets were corrected.[1]

## DISCUSSION

**Summary Judgment Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "The movant 'bears the initial responsibility of informing the district court of

---

[1] The Court has considered all of Plaintiff's filings after Defendants' motion for summary judgment was filed, to the extent that they contain relevant arguments and evidence, as her opposition to the motion.

3

the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042-43 (8th Cir. 2011) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

> If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

*Id.* (quoted sources omitted).

The United States Supreme Court has noted that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 417 U.S. at 327 (quoting Fed. R. Civ. P. 1). "By its terms, [Rule 56(c)] provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a

4

genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Id*. Further, if the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23 (1986).

"A public employer may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech." *McGee v. Pub. Water Supply, Dist. No. 2 of Jefferson Cnty., Mo.*, 471 F.3d 918, 919 (8th Cir. 2006) (citation omitted). This is because "public employees do not surrender all their First Amendment rights by reason of their employment." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). Rather, "[a] public employee retains a degree of First Amendment protection when [he] speaks as a citizen addressing matters of public concern." *Bonn v. City of Omaha*, 623 F.3d 587, 592 (8th Cir. 2010).

To establish a prima facie case of retaliatory termination, a plaintiff must prove that (1) her speech was protected by the First Amendment; (2) the governmental employer discharged her from employment; and (3) the protected speech was a "substantial or motivating" factor in the defendant's decision to discharge the plaintiff. *Rynders v. Williams,* 650 F.3d 1188, 1194 (8th Cir. 2011); *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654-55 (8th Cir. 2007).

Some ambiguity exists in the Eighth Circuit's jurisprudence as to the appropriate

burden-shifting framework to apply at the summary judgment stage in First Amendment retaliation cases, such as the present one, that do not involve direct evidence. The question is whether once a plaintiff establishes a prima facie case, the tripartite burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), or the "same-decision" framework of *Mt. Healthy City School District v. Doyle*, 429 U.S. 274 (1977), should guide the analysis. *Davison,* 460 F.3d at 655 n.5

Under the *Mt. Healthy* framework, applied in *Davison*, and more recently in *Rynders,* 650 F.3d at 1194, if the plaintiff establishes a prima facie case, the burden of proof shifts to the defendant to demonstrate that the same employment action would have been taken in the absence of the protected activity. *Davison,* 490 F.3d at 655. Under the *McDonnell-Douglas* approach, which is in some ways more favorable to the defendant, if the plaintiff meets the burden of establishing a prima facie case, the burden of production shifts to the employer to articulate a legitimate non-retaliatory reason for the adverse employment action; if the employer does so, the burden shifts back to the employee to show that the employer's reasons were a pretext for illegal retaliation; the burden of proof remains with the plaintiff to show a genuine issue of fact that an impermissible consideration was a motivating factor in the employment decision. *Davison,* 490 F.3d at 662-63 (Colloton, J., dissenting). This framework was applied in, for example, *Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 986 (8th Cir. 2011), and *Morris v. City of Chillicothe*, 512 F.3d 1013 (8th Cir. 2008).

Here, the Court concludes that under either approach, Defendants are entitled to

summary judgment because Plaintiff has failed to produce sufficient evidence that protected conduct was a substantial or motivating factor in Plaintiff's termination.

In an abundance of caution, this Court concluded that Plaintiff's reporting the missing $100 to the police, which suggested that security at the Department of Revenue was not adequate, constituted speech as a public citizen addressing a matter of public concern. (Doc. No. 110.)[2] The second element of a prima facie case is clearly met. It is at the causation element that Plaintiff's First Amendment claim fails as a matter of law.

"Whether the protected conduct was a substantial or motivating factor in an employment decision is a question of fact, but the sufficiency of the evidence to create an issue of fact for the jury is solely a question of law." *Morris*, 512 F.3d at 1018 (citing *Cox v. Miller Cnty. R-I Sch. Dist.*, 951 F.2d 927, 931 (8th Cir. 1991)). The record here is devoid of any evidence that Defendants were motivated at least in part by the desire to retaliate against Plaintiff for suggesting to the police that security at the Department of Revenue was inadequate. Rather, Defendants have presented evidence showing that this was not a consideration in the decision to terminate Plaintiff's employment. Whether or not Plaintiff was a probationary employee at the time of discharge is irrelevant.

Generally, more than a temporal connection is required to present a genuine factual issue on retaliation, and only in cases where the temporary proximity is very close can the plaintiff rest on it exclusively. *Tyler,* 628 F.3d at 986 (citing *Lewis v. St. Cloud*

---

[2] A court could easily conclude that this was a matter that was primarily of private, and not public, concern.

7

*State Univ.*, 467 F.3d 1133, 1138 (8th Cir. 2006) ("We have held that . . . a two-week interval was sufficient, but barely so.")). The Court concludes that here the temporal connection, standing alone, between Plaintiff speaking to the police and her being discharged does not create a jury question on the third element of Plaintiff's prima facie case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment on Plaintiff's retaliatory discharge claim under the First Amendment is **GRANTED**. (Doc. No. 165.)

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

All claims against all parties having been resolved, a separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of May, 2012.